**STATE et al. v. RECONSTRUCTION FINANCE CORP.**

No. 10146.

Court of Civil Appeals of Texas. Austin.

June 3, 1953.

Rehearing Denied June 10, 1953.

Les Proctor, Jr., County Atty., Travis County, Ocie Speer, Atty. for Banking Com'r of Texas, Austin, for appellants.

F. L. Kuykendall, Austin, Birkhead, Beckmann Stanard, Vance & Wood, Ed-

ward J. Vance, San Antonio, for appellee.

HUGHES, Justice.

This suit was instituted by the County Attorney of Travis County in the name of the State of Texas against the Reconstruction Finance Corporation and J. M. Falkner, Banking Commissioner of the State of Texas. It involves the same $3,587.84 which the District Court of Nueces County in Cause styled Reconstruction Finance Corporation v. John Q. Adams,[1] Banking Commissioner of Texas, et al., ordered the Banking Commissioner, the Attorney General and the State Treasurer of Texas to "pay or cause to be paid over to" appellee in this case.

The judgment of the Nueces County District Court was affirmed by the El Paso Court of Civil Appeals on November 30, 1949, rehearing denied December 21, 1949, the Court's opinion being reported in McAdams v. R. F. C., 226 S.W.2d 665. Writ of error was refused by the Texas Supreme Court, no reversible error.

The controversy originated in the liquidation of the insolvent The Texas State Bank and Trust Company of Corpus Christi by the Banking Commissioner as statutory receiver. The facts of the case are fully set out in the Court of Civil Appeals opinion in the McAdams case and will not be repeated here, except to say that the funds involved are unclaimed deposits of the defunct bank which in the McAdams case were held to be assets of the bank and payable to Reconstruction Finance Corporation as a creditor of such bank.

All that has transpired regarding the matter since the judgment in that case became final is that the Banking Commissioner refused the demand of Reconstruction Finance Corporation for payment as ordered in the judgment. When queried concerning this refusal a representative of the Commissioner testified that the reason for the refusal was that the money was being held in accordance with the statutes and that the Commissioner was without authority to deliver the fund to Reconstruction Finance Corporation.

We will not fully analyze the pleadings of appellants[2] except to say that the McAdams judgment is alleged to be null and void for various reasons and that the State, not being a party to such judgment, is not precluded thereby. The specific relief prayed for was that a declaratory judgment be rendered "upon the matters and things hereinabove presented to the effect that the rights of the State in the fund involved are superior to any and all claims of the defendant Reconstruction Finance Corporation; that the rights of the Banking Commissioner as Trustee for such funds are superior to those of the Reconstruction Finance Corporation in all respects, and likewise superior to the rights of the State, unless and until such time as the State shall have procured an adjudication of escheat of such funds, whereupon the Commissioner's rights, powers, and duties with respect to such funds will cease and the fund should be delivered to the State Treasurer in accordance with such adjudication."

Appellee's principal pleadings were that the McAdams' judgment was res adjudicata and that the court below was without jurisdiction to hear and determine this suit because the District Court of Nueces County had exclusive jurisdiction of all matters relating to the liquidation of the Texas State Bank and Trust Company of Corpus Christi and that this suit involved such a matter.

The judgment in this case sustained all of the pleas and exceptions filed by appellee and overruled all pleas and exceptions made by appellants. Ostensibly the effect of this action was to sustain appellee's plea to the jurisdiction of the court but since the court proceeded to render judgment on the merits of the case by decreeing that appellants take nothing by this suit and that appellee go hence with its costs and denying all other relief sought by the parties it is obvious that the practical effect of the judgment was to overrule the jurisdictional plea, otherwise the court could have en-

---

1. Immediate predecessor of J. M. Falkner.

2. The Banking Commissioner under his pleadings is aligned with the State.

tered no judgment except one of dismissal.

■ In our opinion the court below was vested with jurisdiction of this suit notwithstanding the rule that every feature of the distribution of the estate of an insolvent bank seems to be within the exclusive jurisdiction of the District Court of the county in which the bank was located. Kidder v. Hall, 113 Tex. 49, 251 S.W. 497.

Our reason for this conclusion is that the pleadings and evidence in this case conclusively show that the fund involved has had no lawful relation to the affairs of an insolvent bank since the McAdams judgment became final and that the trial court properly considered such judgment in determining its own jurisdiction.

■ The above holding is necessarily predicated upon our decision that the McAdams judgment is res adjudicata of all matters in controversy between appellee and the Banking Commissioner.

The Banking Commissioner's only defense to the plea of res adjudicata is that the judgment in the prior suit (McAdams) is void "because the court had no jurisdiction and its attempted exercise was in contravention of the Constitution of Texas [Vernon's Ann.St.], Art. II, Section 1, and Article I, Section 28, as a suspension of laws * * *"

We will not discuss this question upon its merits because the same contention was made in the Court of Civil Appeals and in the Supreme Court in the McAdams suit. We quote from the application for writ of error [3] filed by the Banking Commissioner in that case:

"The error of the Court in overruling and not sustaining Point 2 in the brief for Appellants, which was as follows: 'The error of the Court in entertaining the Plaintiff's suit and in rendering judgment in its favor for the fund recovered because such acts were in excess of the Court's powers and beyond its constitutional and statutory jurisdiction, constituting a suspension of a statutory law of this State and are void under Section 28 of Article I and Article II of the Texas Constitution.'"

The effect of the Supreme Court's action in the McAdams case was to affirm the judgment of the two lower courts. This the Supreme Court would not have done if it had been of the view that the judgment was void. If the courts erred in the McAdams case it was judicial error which we doubt that any court now has the right to correct. We are certain that this court has neither the right nor the power to do aught but respect such judgment.

Turning now to the State's pleading regarding its right of escheat we find no point in appellant's brief specifically directed to this question but liberally construing the brief to include this issue we will briefly express our view thereon.

■ The State is not bound by the McAdams judgment under res adjudicata because it was not a party to such suit. It is bound by such judgment in the sense that it is bound by every other judgment in cases between private parties involving ownership of property.

The same question was presented to the Supreme Court in the McAdams case as shown by the following points urged in the application for writ of error therein:

"The error of the Court in entertaining this suit and in rendering judgment in favor of the Plaintiff for the fund in trust, since such fund was and is the property of the State under the Statute of Escheat, Article 3272 of the Revised Civil Statutes, 1925, and the State is not a party to the suit.

"The error of the Court in holding that the deposit or trust fund 'is and remains a valid and subsisting asset of the Texas State Bank and Trust Company of Corpus Christi' since under the statute such trust constitutes no part of the assets of the bank and belongs legally to the depositor beneficiaries thereof and their heirs, or to the State of Texas as an escheat."

We recognize that the Supreme Court may not have considered these points be-

3. Application No. 2520, Supreme Court.

cause the State was not a party to that suit and for this reason we will discuss the matter briefly rather than rely upon any presumed decision of the Supreme Court.

In furtherance of the claimed right of escheat by the State it was alleged that:

"* * * each and all of the said depositors, beneficiaries of such deposit have been absent for more than seven years, and are not known to exist; that no will is recorded or probated in the County of Nueces where such bank was located, such liquidation effected, and said depositors resided, and *further that no lawful claim has been asserted to or lawful acts of ownership exercised in such property by any one other than the Banking Commission of Texas* as Trustee for the said period of more than seven years from and after the creation of such trust deposit,[4] nor at any other time whatsoever from the creation of such trust to the day of the filing of this petition."

The allegations of such pleading which we have italicized were, no doubt, made in deference to similarly worded requirements contained in art. 3272, V.A.C.S., prescribing the circumstances under which estates shall escheat.

The allegation that no lawful claim has been asserted to such funds during the time stated is irrefutably disproved by the record in the McAdams case, the original petition in which was filed by Reconstruction Finance Corporation December 9, 1942.

█ It is our opinion that the judgment in the McAdams case, so long as it stands, constitutes an insurmountable obstacle to the right of the State to escheat the funds recovered by Reconstruction Finance Corporation in that case.

█ Since this is a declaratory judgment suit the judgment of the trial court is reformed so as to declare the law as herein pronounced and as reformed such judgment is affirmed.

Reformed and affirmed.