**COLORADO RIVER VALLEY COMPANY, Inc., Appellant,**

v.

**Eugene J. SCHIAVONE, Appellee.**

**No. 11864.**

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1972.

Rehearing Denied Feb. 2, 1972.

Carey Boethel, Allan I. Schneider, Giddings, for appellant.

Hart & Halpain, La Grange, for appellee.

SHANNON, Justice.

Appellant, Colorado River Valley Company, Inc., sued appellee, Eugene J. Schiavone, in the District Court of Fayette County, for damages and to "cancel" an arrangement by which appellant sold appellee a bookkeeping business. The case was tried to a jury, and from an adverse judgment, appellant filed this appeal.

The facts necessary for this opinion follow. About November 14, 1969 Gordon Clegg, appellant's president, began negotiations with appellee for the sale of the bookkeeping business. There were several attempts to reach an understanding, and a La Grange attorney, David Murray, assisted in drafting the various instruments involved. The instrument sought to be "canceled" was dated December 23, 1969 and provided that appellee would pay $90,000.00 for the business. Appellee paid down $20,000.00 and signed a note for $70,000.00 bearing interest and payable in monthly installments. Appellant retained 25% of the gross receipts as a royalty. Appellee testified that at the meeting when the December instrument was signed there were several items which were not included, and that he had some questions concerning the arrangement. Attorney Murray was not present, and appellee testified that Clegg told him that the instrument would not be effective until Murray had explained and had satisfied appellee as to the instrument and acknowledge appellee's signature. This condition met with appellee's approval, and he signed.

Appellee failed to keep up the note payments and in the autumn of 1970 appellant filed suit "to cancel" the agreement praying for a return of the assets of the business, for an accounting, for actual damages, for exemplary damages, and for attorney's fees. Appellee filed an answer and a counterclaim praying for the return of the down payment for the reason, among others, that the agreement was entered into because of the alleged false representations of Clegg.

The only special issues submitted were those inquiring of appellee's theory of false representation, and those inquiring as to the amount of damages due appellant. The jury found that Clegg represented to appellee that the instrument would not be effective until Murray fully explained and satisfied appellee as to its content and acknowledged his signature; that such representation was false; that the representation was made to induce appellee to sign the instrument; that appellee relied on the truth of the representation, and that the representation was a material inducement to the appellee in signing the instrument. The jury failed to find that appellant had suffered any damages resulting from the breach of the agreement by appellee.

The judgment is lengthy, and the only part complained of is that which returns the down payment to appellee and that part which "restrains and enjoins" appellee for five years from doing any accounting, bookkeeping, or auditing work for any of those clients served by the bookkeeping business at the time it was bought by appellee.

Appellant attacks the judgment by four points of error, the first two being that the trial court erred in refusing to grant its Motion for Judgment Non Obstante Veredicto for the reason that there was insufficient evidence, or no evidence, of appellant's fraud, or misrepresentation.

Appellant's third point is that the court should have granted its Judgment Non Obstante Veredicto because appellee waived his right to rescind the agreement because he expressly ratified the agreement. The final point is that the pleadings did not support the submission of the special issue inquiring as to whether Clegg made the representation to appellee. Appellee filed one crosspoint complaining that the court erred in "restraining and enjoining" appellee.

Stated another way, appellant's second point is that, as a matter of law, the jury findings do not support a judgment for appellee upon the basis of fraud, misrepresentation or concealment. Appellant says that Clegg's representation was a promise regarding some future event, and hence not a basis for fraud.

At least by the time of the recognition of deceit in its modern form, the principle was established that deceit could be grounded only upon a misrepresentation of a past or existing fact. 27 Texas Law Review 389. Consequently, the earlier decisions refused relief in those cases wherein the misrepresentations were promissory and related to future acts. See Gallager and Mason v. Brunel, 6 Cow. 346 (N.Y.1826). However, this principle was later expanded to promissory misrepresentations made without intention of fulfillment. Henderson v. Railroad Company, 17 Tex. 560 (Tex.1856). C. T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472 (1892). Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873 (1921). We hold that Clegg's representation was neither one of a past or present fact, nor one promissory in nature made without intention of fulfillment. Assuming, without deciding, that Clegg never intended that Murray examine the instrument and satisfy appellee as to its contents, still the difficulty is that Clegg's promise concerned an act to be done by some one other than himself, who was not shown to be acting for Clegg.

However, under this record, we affirm the judgment, excepting that part pertaining to the injunction against appellee, for the reason that no binding contract was entered into by appellant and appellee. The fact is that the parties in effect agreed that the document dated December 23, 1969 would not be "effective" until the attorney explained and *satisfied* appellee as to its contents. The offer and acceptance were conditional and were intended to be effective only upon the happening of a future event which never transpired. Under these circumstances no contract was created. See Williston, Contracts (3rd Ed.) § 45, § 77, § 77A. The question of whether appellee's partial performance "ratified" the alleged contract, appellant's point three, is not before us since ratification was not pleaded below nor were special issues requested submitting that theory. Texas Rules of Civil Procedure, Rule 94 and Rule 279.

In view of our disposition of appellant's points two and three, points one and four need not be discussed.

The substance of appellee's crosspoint is that the court erred in enjoining appellee because the court entered the injunction on its own motion, unsupported by any pleading. We sustain this crosspoint. An injunction may be granted only pursuant to relief prayed for in a petition containing a plain and intelligible statement of the grounds for such relief. Texas Rules of Civil Procedure, Rule 682, Lowe and Archer, Injunctions and other Extraordinary Proceedings, § 333 (1957). An exception to this rule, not here applicable, is recognized in those cases wherein the court issues an injunction on its own motion to enforce its jurisdiction. Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720 (1936).

The judgment of the trial court is modified to dissolve the permanent injunction restraining appellee for five years from doing accounting and related work for clients served by appellant. As so modified, the judgment of the trial court is affirmed.

Modified, and as modified, affirmed.

## ON MOTION FOR REHEARING

 Appellant's third point in his motion for rehearing asserts that this Court erred in holding that no contract was created since appellant says that position was not affirmatively pleaded by appellee. Appellee pleaded that he did sign the contract, ". . . but did not so intend for said contract to become binding until the contract had been explained to him by David Murray and his signature had been acknowledged by David Murray." We construe this pleading as giving fair notice to appellant that appellee's position was that no binding contract existed.

Appellant's motion for rehearing is denied.