Robert W. CALVERT, Appellant,

v.

EMPLOYEES RETIREMENT SYSTEM OF TEXAS, Appellee.

No. 13539.

Court of Appeals of Texas, Austin.

March 16, 1983.

Rehearing Denied April 13, 1983.

S. Jack Balagia, Marc O. Knisely, McGinnis, Lochridge & Kilgore, Austin, for appellant.

Mark White, Atty. Gen., Nancy N. Lynch, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant Robert W. Calvert filed suit in the district court of Travis County against the Employees Retirement System of Texas. By his suit, appellant sought a judgment declaring that the records of the names and mailing addresses of retired appellate court judges in the custody of the System should be disclosed. Appellant also sought a writ of mandamus to compel the System to comply with his request for such names and addresses. Both parties filed motions for summary judgment. The district court granted the System's motion and denied that of appellant. This Court will reverse the judgment of the district court.

In his suit for declaratory judgment, appellant pleaded that in April, 1980, he requested from the System a list of the names and addresses of all retired appellate court judges. The System did not produce the information, but instead prepared a request for an opinion of the Attorney General as to whether the information was required to be disclosed. In August, 1980, the Attorney General ruled that the names and addresses of the retired judges were excepted from disclosure by § 3(a)(1) of the Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Supp.1982), as information deemed confidential by specific statutory law.

By his suit, appellant sought a declaration, among other things, that confidentiality of records of individual members and beneficiaries of statewide retirement systems as provided in § 7, Tex.Rev.Civ.Stat. Ann. art. 6228k (1977 Tex.Gen.Laws, ch. 234 § 7, at 1407) and § 9 C, Tex.Rev.Civ.Stat. Ann. art. 6228a, (1975 Tex.Gen.Laws ch. 218, § 12, at 551), is governed by § 3(a)(2) and not by § 3(a)(1) of the Open Records Act.

The district court rendered judgment simply that the System's motion for summary judgment was granted and that appellant's motion was denied. The court failed to define the rights of either of the parties under the several statutes. Since a declaratory judgment would have terminated the uncertainty or controversy giving rise to the suit, this Court observes that the district court was duty-bound to declare the rights of the parties as to those matters upon which the parties joined issue. Cal-

vert, *Declaratory Judgments in Texas,* 14 St. Mary's L.J. 1 (1982).

Appellee System claims in this Court, as it did in district court, that it is not required to disclose the names and addresses of the retired appellate judges because § 3(a)(1) of the Open Records Act excepts this information from disclosure. Section 3(a) provides in pertinent part:

(a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:

(1) information deemed confidential by law, either Constitutional, statutory, or by judicial decision;

(2) information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; provided, however, that all information in personnel files of an individual employee within a governmental body is to be made available to that individual employee or his designated representative as is public information under this Act....

■■■ Appellee insists that § 3(a)(1) renders the information confidential by reason of the existence of two statutes: Tex.Rev. Civ.Stat.Ann. art. 6228k § 7 [now Public Retirement Systems, Title 110B, § 13.402 (1981)] and Tex.Rev.Civ.Stat.Ann. art. 6228a § 9 C [now Public Retirement Systems, Title 110B, § 13.402 (1981)].[1]

Section 7 of art. 6228k provided:

Records of all individual members and beneficiaries in the custody of statewide retirement systems are personnel records

and are deemed to be confidential information under the provisions of Chapter 424, Acts of the 63rd Legislature, Regular Session, 1973, as amended (Article 6252–17a, Vernon's Texas Civil Statutes) . . .

Article 6228a § 9 C provided:

It is expressly provided that records, in the custody of the System, of all individual members and beneficiaries under Retirement Acts administered by the System are to be considered in the manner of personnel records and such records are hereby deemed to be confidential information under the provisions of Chapter 424, Acts of the 63rd Legislature, 1973 (Vernon's Texas Civil Statutes).

■■■ Appellant reasons, on the other hand, that art. 6228k § 7 and art. 6228a § 9 C placed retirement records in the category of personnel records, which are dealt with in exception 3(a)(2) of art. 6252–17a, and therefore are confidential only if "disclosure would constitute a clearly unwarranted invasion of personal privacy." This Court has concluded that appellant's argument is correct.

The language of § 9 C provides that the records in the custody of the System "are to be considered in the manner of personnel records and such records are hereby deemed confidential information" under the Open Records Act. Similarly, § 7 provides that records in the custody of the System "are personnel records and are deemed to be confidential information" under the Open Records Act. Had the legislature intended to insure that retirement records or files be entirely confidential, it could have easily achieved that result by omitting all reference to personnel records or files. Instead, both §§ 7 and 9 C direct that such retire-

---

1. The System suggested for the first time during oral argument that Public Retirement Systems, Title 110B, § 25.503 (1981), effective September 1, 1981, is applicable to the present appeal. This Court does not agree. Appellant was refused the names and addresses of the judges, suit was filed, and motion for summary judgment was rendered prior to the effective date of § 25.503. Retroactive laws are prohibited by Tex. Const. Art. I, § 16 (1955). As a general rule, statutes operate prospectively, but

they may operate retrospectively when no impairment of vested rights results. *Cox v. Robison,* 105 Tex. 426, 150 S.W. 1149 (Tex.1912). Moreover, statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intent of the legislature to make it applicable to both past and future transactions. *State v. Humble Oil & Refining Co.,* 141 Tex. 40, 169 S.W.2d 707 (Tex.1943). No such legislative intent appears in § 25.503.

ment records be regarded as personnel files. The specific direction in §§ 7 and 9 C most surely points to the application of § 3(a)(2).

Having determined that § 3(a)(2) is applicable to the records in question, this Court has no difficulty in concluding that the disclosure of the records of the names and addresses of retired appellate judges would not constitute a "clearly unwarranted invasion of personal privacy."

The judgment of the district court is reversed and this Court will render the judgment that the district court should have rendered. Tex.R.Civ.P.Ann. 434, *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (Tex. 1958). Accordingly, judgment is here rendered declaring: (1) that confidentiality of records of retired appellate judges as provided in Tex.Rev.Civ.Stat.Ann. art. 6228k § 7 and art. 6228a § 9 C is governed by Tex.Rev.Civ.Stat.Ann. art. 6252–17a § 3(a)(2); and (2) that disclosure of the records of the names and addresses of retired appellate justices and judges is not "a clearly unwarranted invasion of personal privacy" and that such disclosure is required by art. 6252–17a § 3(a)(2).

The Employees Retirement System of Texas is hereby ordered to disclose the names and addresses of retired appellate judges to appellant Robert W. Calvert.

This Court is confident that the Employees Retirement System of Texas will abide by this opinion and judgment and for that reason the Clerk of this Court is directed not to issue a formal writ of mandamus for service.