The UNIVERSITY OF TEXAS AT AUS-
TIN, By and Through the BOARD OF
REGENTS OF the UNIVERSITY OF
TEXAS SYSTEM, Appellant,

v.

The NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION, et
al., Appellees.

No. 13873.

Court of Appeals of Texas,
Austin.

Jan. 23, 1985.

Rehearing Denied Feb. 27, 1985.

Jim Mattox, Atty. Gen., Jerry D. Cain,
Asst. Atty. Gen., Austin, for appellant.

Robert M. Roller, Graves, Dougherty,
Hearon & Moody, Austin, for appellees.

Before SHANNON, C.J., and EARL W.
SMITH and BRADY, JJ.

SHANNON, Chief Justice.

Appellant, The University of Texas at
Austin, filed suit in the district court of
Travis County, seeking a declaration of its
rights concerning, among other things, the
ownership of the telecast rights to its foot-
ball games. Appellees [1] filed a motion for
summary judgment. The district court
granted appellees' motion and rendered
judgment that the University take nothing.
The University perfected an appeal from
that judgment to this Court.

Before the appeal was set for submission
upon oral argument, the University, as ap-
pellant, filed its "motion to remand with
instructions to dismiss as moot." Appel-
lees lodged no objection to the dismissal of
the appeal in this Court, but strenuously
opposed that part of the relief seeking to
set aside the district court's judgment.
This Court will dismiss the appeal as moot
and will vacate the district court's judg-
ment.

By its suit, the University sought a decla-
ration of the rights of the parties with
respect to:

(1) Ownership of the telecast rights, in-
cluding cablecasting, to the football games
of The University of Texas at Austin;

---

1. Appellees are The National Collegiate Athletic
Association, The NCAA Committee On Infrac-
tions and The NCAA Council.

(2) the right to contract with television networks for the sale of said telecasting and cablecasting rights;

(3) the obligations of membership in the NCAA under the Constitution and Bylaws of the Association;

(4) the validity of the amendments to the NCAA Constitution and Bylaws set out in certain proposals and adopted by the NCAA Convention on January 12, 1982; and

(5) the validity of any contracts with television broadcasters and cablecasters signed by the NCAA and purporting to bind the University until the Board of Regents of the University has approved the same in accordance with Texas Education Code § 65.34.

The University sought ancillary relief by way of temporary and permanent injunctive orders.

Appellees filed their motion for summary judgment and, as grounds therefor, claimed:

(1) The district court was without jurisdiction in that the University had requested an advisory opinion;

(2) The University had not "alleged sufficient grounds that would permit the Court to interfere in the internal affairs of the [appellees]";

(3) The University had not "exhausted its remedies within the association with regard to the 'grievances' it alleges in this suit";

(4) The University, being a "long-standing member of the Association", consented to be bound by all bylaw and constitutional provisions of the Association;

(5) Section 65.34 of Texas Education Code is inapplicable and does not concern itself with the character of rights here involved; and

(6) Section 65.34, even if applicable, is applicable only to the conduct of the University and the appellees.

The judgment of the district court recited that appellees' motion for summary judgment was "meritorious" and decreed simply that the University "take nothing by its suit." The judgment did not declare any rights of the parties.

The basis for the University's motion to dismiss as moot is an opinion and judgment of the Supreme Court of the United States decided in June of 1984. *National Collegiate Athletic Ass'n v. Board of Regents of the University of Oklahoma and University of Georgia Athletic Ass'n,* —— U.S. ——, 104 S.Ct. 2948, 82 L.Ed.2d 70 (1984). The Supreme Court held, in general, that the television plan that the NCAA adopted for the 1982–85 seasons violated § 1 of the Sherman Act, 15 U.S.C. § 1 (1973). The University claims that the Supreme Court's opinion voids appellees' plan and "entirely settles the controversy between the parties before this Court and renders the present litigation moot."

Appellees claim, on the other hand, that the issues determined by the United States Supreme Court are separate and distinct from those determined by the district court in this cause. Appellees suggest that "The NCAA has prevailed on the merits of the issues litigated here [in the district court] and is entitled to the res judicata effect of the judgment in order to foreclose relitigation of those issues." Appellees argue that there are issues here on appeal which are not moot and although the University is free to dismiss its appeal, the judgment of the district court should not be vacated.

■ The rule of law pursuant to the Uniform Declaratory Judgments Act, Tex. Rev.Civ.Stat.Ann. art. 2524–1 (1965) is that if a declaratory judgment will terminate the uncertainty or controversy giving rise to the lawsuit, the trial court is duty-bound to declare the rights of the parties as to those matters upon which the parties join issue. *Calvert v. Employees Retirement System of Texas,* 648 S.W.2d 418 (Tex.App. 1983, writ ref'd n.r.e.); Calvert, *Declaratory Judgments in Texas,* 14 St. Mary's L.J. 1 (1982).

■ The district court in this declaratory judgment suit failed to declare anything. Rather, the Court's judgment simply granted appellees' motion for summary judg-

ment and ordered that the University "take nothing by its suit."

For all that anyone knows, the district court may have concluded that the University failed to exhaust its "remedies with the Association", or possibly, the district court may have concluded that the University was seeking an impermissible "advisory opinion." Finally, the district court may have gone off on some unarticulated substantive ground.

As a result, this Court is in no position to ascertain what determinations the district court made so as to compare those determinations with the holdings of the Supreme Court of the United States. We might add that appellees, perhaps for the same reason, have not pointed out to this Court any *specific* issue determined by the district court that was not passed on by the Supreme Court of the United States.

Appellant's motion is granted to the following extent. The appeal is dismissed and the judgment is vacated. *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943).