**KENNETH LEVENTHAL & COMPANY and Stephen G. Finn, Appellants,**

v.

**Robert C. REEVES, Jr., Appellee.**

**No. 14–97–00412–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 27, 1998.

Trey Bergman, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

The issue raised by this appeal is whether a litigant receiving a judgment in his favor based on breach of contract and declaratory judgment claims, but no damages award, may nevertheless be entitled to attorney's fees. Kenneth Leventhal & Company [Leventhal] and Stephen G. Finn [Finn] appeal from a judgment granting Robert C. Reeves, Jr. [Reeves] no damages but awarding him $45,000 in trial attorney's fees, plus fees for all appeals, and costs.[1] We reverse and render.

In this appeal, Leventhal brings two points of error. First, it argues the trial court erred in awarding attorney's fees to Reeves because there was no legal basis for any fee award. Second, Leventhal argues even if there was a legal basis for awarding attorney's fees, the court abused its discretion by awarding fees to Reeves instead of Leventhal.

### Factual Background

Reeves was employed by Leventhal as a certified public accountant specializing in real estate and financial services. After working at Leventhal for five years, Reeves was "counseled out" of his position.[2] Before leaving Leventhal, however, Reeves obtained employment as director of real estate for Aetna Life and Casualty at a higher salary. At some point thereafter, Leventhal was acquired by Ernst & Young LLP and the Leventhal partnership dissolved.

In response to his ultimate termination, Reeves filed a lawsuit against Leventhal claiming, among other things, breach of contract, libel and slander, tortious interference with business relationships, intentional inflic-

Charles Eugene Baumann, James E. Essig, Houston, for appellants.

1. For purposes of simplicity both defendants, Leventhal and Finn, will be collectively referred to as Leventhal.

2. Although the exact details of this transaction are not clear from the record, it appears the ultimate consequence to Reeves of "counseling out" amounted to terminating his employment after ninety-days.

tion of emotional distress, employment discrimination, wrongful discharge, and sexual harassment. However, Reeves and Leventhal settled their lawsuit. Part of the settlement required Leventhal to provide, upon Reeves' request, a confirmation of employment letter. The agreement stated:

> Upon a written request by [Reeves] to Stephen G. Finn, managing Partner of the Houston office of [Leventhal], and with the consent of [Leventhal], which consent shall not be unreasonably withheld, [Leventhal] will provide a confirmation of employment to specific employers, in the form attached as Exhibit "A", within ten business days from the receipt of such written request.

Exhibit "A" was a form letter detailing Reeves employment history with Leventhal. The letter, typed on Leventhal letterhead, identified Finn as the managing partner of Leventhal's Houston office and was signed by Finn.

The day after the settlement was executed Finn received a letter from Reeves' attorney requesting Leventhal send a confirmation letter to Mr. Rick Geissinger, an officer at American General. Because it came from an attorney and not Reeves, Finn was unsure whether this was a proper request under the settlement agreement, and therefore consulted Leventhal's counsel. Finn was advised he should ignore the request and that Leventhal's attorneys would take up the matter with Reeves' attorney.

Sometime later, Finn received a letter from Leventhal's counsel advising Finn to send out a confirmation letter for Reeves to American General. Finn's secretary prepared a letter which Finn signed and sent. The letter, however, did not conform precisely to Exhibit "A" attached to the settlement agreement. In certain places the letter identified Reeves as "Mr. Reeves" rather than "Robert C. Reeves, Jr." It stated Reeves had

been promoted in 1992 instead of 1990. It stated Reeves worked on a project in the suburban Orange County office adjoining Los Angeles, but did not mention Leventhal's office in the city of Los Angeles itself. The letter stated Reeves provided services for "homebuilders" instead of "some of the nation's largest homebuilders." Lastly, the letter omitted the final sentence of the prototype which was to state "We wish him well in his future endeavors." Finn claims the deviations in the actual letter sent from the prototype were inadvertent mistakes made by his secretary.

After Finn sent the incorrect confirmation letter to American General, Reeves' attorney wrote Leventhal's attorney advising her of the discrepancies between the draft confirmation letter contained in the settlement agreement and the actual letter sent by Finn to American General.

■ Finn had his secretary issue another letter to American General. The second letter, however, still omitted part of the language contained in Exhibit "A." The letter failed to state Reeves worked with "some of the nation's largest" homebuilders. Thereafter, Finn personally prepared a third letter adhering in all respects to settlement Exhibit "A." He sent the third letter to Reeves' attorney along with a letter of apology and offered to take responsibility for the mistake with American General. Finn also offered to pay for any time spent by Reeves' attorney in dealing with the incorrect letter. Reeves, however, rejected Finn's offer and filed the underlying suit in this appeal.[3] Leventhal answered and filed a counterclaim for attorney's fees based on the statutory availability of such to either party to an action involving a request for declaratory relief.

Reeves ultimately received a rejection letter from American General. However, several months before he requested the letter

---

**3.** Reeves' suit initially included claims for intentional infliction of emotional distress, breach of contract, declaratory relief, and attorney's fees. The court granted an oral summary judgment for Leventhal on the emotional distress claims. Even though that judgment was never reduced to writing, we hold Reeves' failure to put on any evidence at trial concerning the emotional distress claim, combined with the lack of any cross-point challenging that ruling and the Mother Hubbard language in the final judgment eliminate that claim. See Tex.R.App.P. 74(e) (if appellee desires to complain of any ruling or action of the trial court, his brief regarding such matters shall follow substantially the form of the brief for appellant). Therefore, this appeal concerns only the judgment granted on the breach of contract and declaratory relief claims.

from Finn, he acknowledged already being eliminated from consideration for employment with American General. Mr. Geissinger, the person at American General designated to receive the letter from Finn, confirmed there were no positions available for Reeves and the discrepancies between the letters and Exhibit "A" made no difference in American General's decision not to make an offer of employment to Reeves. At trial, Reeves sought no damages. In its final judgment, the trial court entered a take nothing judgment against Leventhal. It likewise awarded no damages to Reeves. The trial court, however, awarded Reeves $45,000 in attorney's fees plus interest and costs of suit.[4] Reeves argues, however, other individuals at American General were potentially considering him for different positions within the company.

**ATTORNEY'S FEES**

Under Leventhal's first point of error, it argues the trial court erred in awarding attorney's fees to Reeves because there was no legal basis for any fee award. In Reeves' original petition, he sought attorney fees pursuant to § 38.001 and § 37.009 of the Texas Civil Practice and Remedies Code. Therefore, we will address whether the award of attorney's fees was proper under either statute.[5]

**A.**

**Breach of Contract**

**Texas Civil Practice and Remedies Code § 38.001**

In his original petition, Reeves contends Leventhal breached the settlement agreement by failing to issue the confirmation of employment letter within the proper time frame or in the form required by the agreement. On appeal, Reeves asserts that the breach of contract claim was for damages. However, at trial, Reeves did not introduce any evidence of his damages and the final judgment awarded no damages to him.

Section 38.001 of the Texas Civil Practice and Remedies Code provides:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:
>
> \*    \*    \*    \*    \*    \*
>
> (8) an oral or written contract.

TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997).

A party must meet two requirements in order to obtain an award of attorney's fees under § 38.001. *See Rodgers v. RAB Investments, Ltd.*, 816 S.W.2d 543, 551 (Tex.App.—Dallas 1991, no writ); *see also State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex.1995) (citing *Rodgers* in discussing attorney's fees under § 38.001, Article 21.21 of the Texas Insurance Code, and the DTPA). First, a party must prevail on a cause of action for which attorney's fees are recoverable, and second, the party must recover damages. *See Rodgers*, 816 S.W.2d at 551.

Reeves meets the first prong of the test. Judgment was entered against Leventhal for breach of contract. One of the specified situations where recovery of attorney's fees is permissible under § 38.001 is for breach of contract. *See First National Bank v. Gittelman*, 788 S.W.2d 165, 171 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding breach of contract supports award of attorney's fees). Therefore, Reeves meets the first requirement for receiving attorney's fees under § 38.001.

However, because Reeves failed to recover any damages, he cannot satisfy the second prong of the test. As the Dallas Court of Appeals noted in discussing § 38.001 "there must be a recovery of money,

---

4. Additionally, the trial court further ordered Reeves was to recover an additional $10,000 in attorney's fees if Leventhal appealed the trial court decision and another $5,000 if writ of error were filed. Also, if writ of error were granted Reeves was to receive another $5,000 in attorneys' fees.

5. The Final Judgment states that the court "render[s] judgment for Plaintiff, Robert C. Reves, Jr." At the time judgment was signed, Reeves' live pleading was his original petition with claims for breach of contract and declaratory relief, and a corresponding claim for attorney's fees under Civil Practice and Remedies Code Chapters 37 and 38.

or at least something of value; otherwise, the attorney's fee award cannot be described as an 'addition' to the claimant's relief." *ITT Commercial Finance Corp. v. Riehn*, 796 S.W.2d 248, 257 (Tex.App.—Dallas 1990, no writ); *see also NCNB Tex. Nat. Bank v. Carpenter*, 849 S.W.2d 875, 882 (Tex.App.—Fort Worth 1993, no writ); *Rodgers*, 816 S.W.2d at 551. Where there is no recovery of damages, a party cannot recover attorney's fees. *See Beaston*, 907 S.W.2d at 437. In this case the only recovery Reeves received in the final judgment was for attorney's fees and costs. Therefore, because he did not recover monetary damages or something of value, Reeves is not entitled to attorney's fees under § 38.001. Indeed, Reeves can never show his entitlement to contract damages, and concomitantly attorney's fees, based on the defective letters sent to American General because Mr. Geissinger confirmed there was no position available for Reeves and any discrepancy between the letters and Exhibit "A" was irrelevant.

## B.

### Declaratory Judgment

### Texas Civil Practice and Remedies Code § 37.009

■ In his original petition, Reeves asked the trial court to declare the settlement agreement required Leventhal to issue a confirmation of employment letter identical to Exhibit "A" attached to the agreement, and that Leventhal breached that agreement because the first two letters sent to American General were not identical to Exhibit "A".

■ The more expansive attorney's fee provision under the declaratory judgment statute provides: "In any proceeding under this chapter, the court may award [to either party] costs and reasonable and necessary attorney's fees as are equitable and just." Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1997). The award of attorney's fees under § 37.009 is discretionary with the trial court, and we will reverse only upon a showing of abuse of discretion. *See Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Georgiades v. Di Ferrante*, 871 S.W.2d 878, 882 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The trial court abuses its discretion when it acts without reference to any guiding rule or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (noting abuse of discretion occurs when court acts arbitrarily or unreasonably).

■ One guiding rule holds attorney fees are not permissible under § 37.009 where awarded on the basis of declaratory relief brought solely for the purpose of obtaining attorney's fees. *See Hartford Cas. Ins. v. Budget Rent-A-Car*, 796 S.W.2d 763, 772 (Tex.App.—Dallas 1990, writ denied). "A declaratory plea may not be coupled to a damage action simply in order to pave the way to recover attorney's fees." *Id.* In *Hartford*, the court denied recovery of attorney's fees where the declaratory relief duplicated that relief already sought under a breach of contract claim in the same litigation. *See id.* at 771–72. That is the same situation we have here. Reeves asked the trial court to declare the settlement agreement required Leventhal to issue, upon request, a confirmation of employment letter that was identical to Exhibit "A." Reeves also requested the trial court to declare the first two letters Leventhal sent were not identical to the letter in Exhibit "A."[6] This is the same relief

6. We note that the dissenting opinion would grant appellee injunctive relief. Not only has appellee focused his argument on appellants' past acts and failed to raise the issue of a permanent injunction in this court, he did not pray for this extraordinary relief below. In order to obtain injunctive relief, an applicant must plead and prove the existence of a wrongful act, imminent harm, irreparable injury, and the absence of an adequate remedy at law. *Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 529 (Tex.App.—Houston [14th Dist] 1991, writ denied); *Williams v. Compressor Eng'g Corp.*, 704 S.W.2d 469, 472 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Without sworn pleadings and the required showing in the trial court, injunctive relief is improper. *See* Tex.R.Civ.P. 682, 683. An injunction may be granted only pursuant to relief prayed for in a petition containing a plain and intelligible statement of the grounds for such relief. *Colorado River Valley Co. v. Schiavone*, 476 S.W.2d 368, 370 (Tex.Civ.App.—Austin 1972, writ ref'd, n.r.e.). Thus, no basis exists in the record before us for granting injunctive relief. The dissent would also reform the judgment to include specific declarations for appellee. Although we express no opinion on whether the

Reeves also sought under his breach of contract claim. Once Reeves pleaded breach of contract, he had no need for declaratory relief. Under such circumstances, a pleading for declaratory relief will not lie. *See id.* at 772. Inasmuch as Reeves presented no evidence of damages in connection with his breach of contract claim, he cannot now use declaratory relief, identical to his breach of contract claim, simply to pave the way to recover attorney's fees not otherwise available.

■ Reeves' claim for declaratory relief should have been dismissed by the trial court because it was moot. In a similar case, the Texas Supreme Court held no valid declaratory relief can be granted where a controversy is moot. *See Speer v. Presbyterian Children's Home and Serv. Agency,* 847 S.W.2d 227, 229–30 (Tex.1993). In *Speer,* a job applicant brought an employment discrimination action against a Presbyterian service agency which, in 1988, refused to employ her in its adoption services area because of her religion. *See id.* at 228. She sought no damages but only declaratory and injunctive relief. *See id.* In 1992, after the applicant was rejected for employment, however, the agency stopped offering adoptive services. *See id.* The court refused to grant a declaratory judgment where all the relief the applicant sought had been foreclosed. *See id.* at 229. The agency could no longer engage in illegal hiring practices because they eliminated the applied for position altogether and discontinued offering adoption services, thus rendering moot any action by the court affecting the agency's adoption services hiring practices. *See id.* The court noted that to sustain the grant of declaratory relief in such

a case would amount to rendering a constitutionally prohibited advisory opinion. *See id.* The court likewise held that because the applicant was not entitled to declaratory or injunctive relief she was not entitled to attorney's fees, and the case was dismissed as moot. *See id.* at 230.

■ The same rationale applies to the case at bar. Everything Reeves seeks he has already received. From the beginning, Finn conceded the first two letters he sent did not match the letter attached to the settlement agreement as Exhibit "A." At the time Finn made the mistake, he apologized and offered to pay for any legal expenses incurred in attempting to rectify the error. *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995) (noting a declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the declaration will resolve the controversy). The only controversy Reeves asserts is whether Finn's letters conformed to Exhibit "A." Finn, however, already conceded they did not. Additionally, in 1995, after Reeves' suit was filed but long before judgment was signed in 1997, Leventhal was acquired by another company and the partnership dissolved. Therefore, even if Reeves initially engaged in this litigation in order to resolve any problems concerning future confirmation letters from Leventhal, any judgment thereon would amount to prohibited advisory relief. In sum, the dual declarations Leventhal seeks are not permissible because if a judgment for declaratory relief will not determine the controversy between the parties, the court's judgment will amount to no more than an advisory opinion, which is beyond the court's power to give.

trial court should have made specific declarations, as the dissent would hold, we likewise conclude that there is no basis for this court to *sua sponte* grant such relief to appellee. An appellee who does not except to a judgment, or give notice of appeal from the judgment, or in any way inform the trial court of his dissatisfaction with the judgment, has waived his complaint. *See Larrumbide v. Doctors Health Facilities,* 734 S.W.2d 685, 693–94 (Tex.App.—Dallas 1987, writ denied); *Western Constr. Co. v. Valero Transmission Co.,* 655 S.W.2d 251, 256 (Tex. App.—Corpus Christi 1983, no writ). In addition, when appellee has not raised the absence of these declarations by cross-point or in his prayer

for relief, but merely seeks affirmance of the judgment below, we may not consider such unassigned error. *See Security Southwest Life Ins. Co. v. Gomez,* 768 S.W.2d 505, 510 (Tex.App.—El Paso 1989, no writ) (refusing to reverse for unassigned error where appellee had no cross-point complaining of part of the judgment); *see also Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987) (holding it was error for court of appeals to consider unassigned points of error where intermediate appellate court had affirmed and reformed trial court judgment for appellee to include prejudgment interest, without a point of error or crosspoint on this issue).

*See Southwest Airlines v. Texas High–Speed Rail,* 863 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied); *see also Texas Dept. of Health v. Texas Health Ent.,* 871 S.W.2d 498, 507 n. 8 (Tex.App.—Dallas 1993, writ denied) (stating declaratory judgment is unavailable unless there is a justiciable controversy between the parties). Leventhal is no longer a functioning entity and therefore could not send any confirmation letters to Reeves' potential employers exactly in accordance with the settlement agreement as written, and any declaratory relief regarding the American General letters would be irrelevant for the reasons set forth above. Because Reeves' claim for declaratory relief did not present a justiciable controversy and was moot at the time judgment was signed, he was not entitled to recover attorney's fees, and that claim should have been dismissed. *See Speer,* 847 S.W.2d at 229–230.

Accordingly, we hold Reeves was not entitled to attorney's fees based on either his claim for breach of contract or declaratory relief, and therefore sustain Leventhal's first point of error.

In its second point of error, Leventhal argues that even if there was a legal basis for an award of attorney's fees to Reeves, the court abused its discretion and, if anything, should have awarded fees to Leventhal. Having found no legal basis for awarding attorney's fees to Reeves we likewise find no legal basis for awarding such fees to Leventhal. Therefore, Leventhal's second point of error is overruled.

We reverse the decision of the trial court as to its award of attorney's fees to Reeves, and we render judgment that neither Reeves nor Leventhal is entitled to recover attorney's fees.

AMIDEI, Justice, dissenting.

I respectfully dissent.

Reeve's petition alleged two causes of action, one, for declaratory judgment, and the second, for breach of contract. The trial court, after a bench trial, entered judgment for Reeves on the merits, and awarded him attorneys fees against Leventhal and Finn. There were no findings of fact and conclu-

sions of law, nor did the judgment indicate which cause of action Reeves prevailed upon. Since no damages were awarded Reeves on the breach of contract action, we must presume the trial court held for Reeves on his declaratory judgment action. The presumptions in such a situation must be those to support the judgment of the trial court. *Clower v. Brookman,* 325 S.W.2d 440 (Tex. Civ.App.1959, no writ). In *Clower* the plaintiff sued upon contract and also upon quantum merit. The trial court held that the plaintiff might win on either theory. On appeal it was held while one may not allege the one and recover on the other, one may allege both and recover on either, if proved. The court summarized the applicable rule as follows:

> If two independent grounds of recovery are relied upon, the judgment will be affirmed if one ground is established. 3–B Tex.Jur., Appeal and Error, § 875.

*International & G.N.R. Co. v. Cuneo,* 47 Tex.Civ.App. 622, 108 S.W. 714, 718 (Tex.Civ. App.1908, writ ref'd); *Johnson Aircrafts v. Eichholtz,* 194 S.W.2d 815, 816 (Tex.Civ.App. 1946, writ ref'd n.r.e.); 5 Tex.Jur .3rd *Appellate Review* § 655 (1981).

Leventhal and Finn only complain in their points of error that Reeves should not have been awarded attorneys' fees. They make no complaint that Reeves was granted declaratory judgment. Appellants even admit in their brief that should the court find for Reeves' on his declaratory judgment claim it would provide an appropriate basis for a fee award. Appellants also admit it is not necessary for a party to technically prevail in a declaratory judgment action to be awarded attorney fees. *See Barshop v. Medina Under. Wat. Cons.Dist.,* 925 S.W.2d 618, 637 (Tex.1996); *One Call Systems, Inc. v. Houston Lighting,* 936 S.W.2d 673, 676 (Tex. App.—Houston [14th Dist.] 1996, writ denied). However, Reeves completely prevailed on his declaratory judgment action. *Johnson v. Coggeshall,* 578 S.W.2d 556, 560 (Tex.Civ.App.1979, no writ) (where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no

complaint is made. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned.). Further, evidence appellants waived any complaint as to the declaratory judgment awarded to Reeves is that appellants filed a notice limiting their appeal only to the legal basis for the trial court's award of attorney fees to Reeves.

Likewise, appellants waived any complaint that Reeves' declaratory judgment action is moot because Leventhal sold out to Ernst & Young, and Stephen Finn was no longer a managing partner of Leventhal. No point of error was made in such connection. It would not have been successful anyway since Ernst & Young and Finn can still issue the required letter or letters, and pay the attorney fees if their supersedeas bond doesn't.

Because Reeves prayed for attorneys fees in his petition for declaratory judgment (and not in a counterclaim), Reeves is entitled to attorneys fees under TEX.CIV.PRAC. & REM. CODE § 37.009, and the amount awarded by the trial court not being contested should be affirmed.

The trial court should have included in the judgment the declarations sought by Reeves and I would modify the judgment to include the declarations as follows:

1. The contract between Reeves and Leventhal requires Leventhal and Stephen Finn to issue a "confirmation of employment" letter or letters after proper request by Reeves identical to the negotiation form letter attached to the contract as Exhibit "A", and Reeves is entitled to a mandatory injunction requiring Leventhal, its successors or assigns, and Stephen Finn to issue such letter or letters;

2. The November 22, 1994 and December 2, 1994 letters shown by Exhibits 2 & 3 are not identical to said Exhibit A and are not compliant therewith.

It is established law that in a declaratory judgment suit where the district judge grants the declaratory judgment but fails to declare anything, the court of appeals is authorized to modify the trial court's judgment so as to declare the law and the rights of the parties, and as modified affirm the judgment. *University of Tex. v. Nat. Collegiate Ath. Ass'n*, 685 S.W.2d 409, 410 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Calvert v. Employees Retirement System of Texas*, 648 S.W.2d 418, 419 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *State v. Reconstruction Finance Corp.*, 258 S.W.2d 869, 872 (Tex.Civ.App.—Austin 1953, writ ref'd n.r.e.); *Spawglass Construction Corporation v. City of Houston*,, 974 S.W.2d 876, (Tex.App.—Houston [14th Dist.] 1998, writ denied); Robert W. Calvert, *Declaratory Judgments in Texas*, 14 St. Mary's L.J. 1 (1982).