

# NUMBER 13-18-00616-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,                                          Appellant,

v.

FERNANDO R. RODRIGUEZ AND
GWENDLE GARZA, INDIVIDUALLY
AND AS NEXT FRIENDS OF
DRAVEN RODRIGUEZ AND
JOLIVIE RODRIGUEZ, MINOR CHILDREN,                          Appellees.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa**

Appellees Fernando R. Rodriguez and Gwendle Garza, individually and as next

friend of Draven Rodriguez and Jolivie Rodriguez, minor children, sued appellant Allstate

Fire and Casualty Insurance Company (Allstate) seeking to establish their right to benefits under their uninsured/under insured motorist (UM/UIM) policy. Following a jury trial to determine damages, the trial court granted appellees declaratory relief and attorney's fees pursuant to the Uniform Declaratory Judgments Act (UDJA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011. In two issues, Allstate argues that the trial court abused its discretion in awarding declaratory relief and attorney's fees because the UDJA is not available for establishing the right to UM/UIM benefits. In light of the Texas Supreme Court's recent decision in *Allstate Ins. Co. v. Irwin*, ___ S.W.3d ___, No. 19-0885, 2021 WL 2021446, at *1, *6 (Tex. May 21, 2021), we affirm.

## I.    BACKGROUND

Appellees' vehicle collided with a vehicle operated by Alan Razael Mojica-Velazquez, an uninsured driver. Appellees filed suit against Allstate seeking to establish that they were legally entitled to recover under their UM/UIM policy. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818–19 (Tex. 2006). Allstate moved for partial summary judgment on appellees' claim for attorney's fees under the UDJA, arguing that appellees were not entitled to recover attorney's fees because Allstate had yet to breach the insurance policy. Allstate maintained that it had no contractual duty to pay benefits until appellees established liability of the uninsured motorist and legal entitlement to damages. The trial court denied Allstate's motion for partial summary judgment, and the case proceeded to a jury trial to determine appellees' damages.

Prior to trial, Allstate stipulated that: (1) Mojica-Velazquez was negligent and that his negligence was the proximate cause of appellees' injuries; (2) Mojica-Valazquez was

2

uninsured at the time of the accident; and (3) appellees were covered persons under the Allstate policy. The jury found that appellees suffered damages totaling $55,500.[1]

Following a bench trial[2] on attorney's fees, the trial court signed a final judgment declaring that appellees were legally entitled to recover damages from Allstate under their UM policy in an amount determined by the jury and conditioned by policy limits.[3] The trial court awarded $64,690 in attorney's fees plus contingent appellate attorney's fees pursuant to the UDJA, finding that it was equitable and just to do so. This appeal followed.

After Allstate filed its notice of appeal, we abated this case pending resolution of two appeals pending before the Texas Supreme Court, which presented controlling issues of law: *Allstate Ins. v. Irwin (Irwin I)*, 606 S.W.3d 774 (Tex. App.—San Antonio 2019), *aff'd*, No. 19-0885, 2021 WL 2021446 (Tex. May 21, 2021) and *Allstate Fire & Cas. Ins. v. Inclan*, No. 13-19-00026-CV, 2020 WL 373061 (Tex. App.—Corpus Christi–Edinburg Jan. 23, 2020, pet. denied) (mem. op.). After these appeals were decided, we requested supplemental briefing from the parties as to the impact, if any, that the appellate opinions had on the instant appeal. The parties have filed their supplemental briefs, and we have since reinstated the appeal.

---

[1] The jury's apportionment of damages was as follows: Fernando Rodriguez–$30,000 for past physical pain and mental anguish, $5,000 for future physical pain and mental anguish, $8,000 for past physical impairment, and $5,000 for future physical impairment; Gwendle Garza–$3,500 for past physical pain and mental anguish and $2,000 for past physical impairment; Jolivie Rodriguez–$1,000 for past physical pain and mental anguish; Draven Rodriguez–$1,000 for past physical pain and mental anguish.

[2] The trial court denied Allstate's motion for a directed verdict on attorney's fees, which was premised on the same arguments asserted in Allstate's motion for partial summary judgment.

[3] Fernando's damages were capped by the policy at $30,000.

## II.    DISCUSSION

Allstate argues that the trial court abused its discretion in granting declaratory relief and attorney's fees relating to appellees' entitlement to UM benefits. Specifically, Allstate argues that the UDJA is not a proper cause of action for recovery of UM benefits because a judicial declaration would add nothing to what would be expressed in a final judgment determining an insured's entitlement to UM benefits. Allstate further maintains that the UDJA is not a proper basis for the recovery of attorney's fees because the UDJA does not allow appellees to recover attorney's fees "where they are not otherwise entitled to such recovery."

### A.    Standard of Review & Applicable Law

The UDJA's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). The Act "is to be liberally construed and administered." *Id*. Under the UDJA,

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id*. § 37.004(a). A contract may be construed either before or after a breach. *Id*. § 37.004(b). We review declaratory judgments under the same standard as other judgments or decrees. *Id*. § 37.010; *Hawkins v. El Paso First Health Plans, Inc*., 214 S.W.3d 709, 719 (Tex. App.—Austin 2007, pet. denied). We review the trial court's resolution of legal questions using a de novo standard of review. *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019).

4

The UDJA provides that a trial court may award costs and reasonable attorney's fees when doing so is equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "[A] party cannot use the [UDJA] as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). In other words, attorney's fees are not authorized under § 37.009 where the declaration is sought solely for the purpose of obtaining attorney's fees. *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 258 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Castille v. Serv. Datsun, Inc.*, No. 01-16-00082-CV, 2017 WL 3910918, at *10 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, no pet.) (mem. op.). Because a fee award under the UDJA is discretionary, we ultimately review the award for an abuse of discretion. *See Bocquet*, 972 S.W.2d at 21.

## B.    UDJA & UM/UIM Coverage

To protect responsible motorists from financial loss when they are involved in car accidents with uninsured or underinsured motorists, Texas law requires automobile insurers to include UM/UIM coverage in their policies unless their insureds reject that coverage in writing. TEX. INS. CODE ANN. § 1952.101(b); *Irwin I*, 606 S.W.3d at 776–77. This coverage provides payment to the insured for all amounts the insured is "legally entitled to recover" as damages from the uninsured or under insured motorist, subject to

the insured's policy limits. TEX. INS. CODE ANN. § 1952.106.

In *Brainard*, the Texas Supreme Court noted that the benefits of a UM/UIM policy "are conditioned upon the insured's legal entitlement to receive damages from a third party." 216 S.W.3d at 818. Accordingly, the court held that an UM/UIM carrier "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and [UM/UIM] status of the other motorist." *Id*. The court explained, however, that a judgment establishing these prerequisites to coverage may be obtained in a direct action against the insurance carrier. *See id*. (citing *State Farm Mut. Auto. Ins. Co. v. Matlock*, 462 S.W.2d 277, 278 (Tex. 1970)).

Following *Brainard*, a question remained as to whether an insurance carrier's liability for benefits under the UM/UIM policy may be established in a declaratory judgment action. In *Allstate Insurance Co. v. Irwin (Irwin II)*, the Texas Supreme Court answered this question in the affirmative:

> The [UDJA's] application here to determine the prerequisites for, and existence of, the insured's UIM claim not only served a useful purpose but also terminated the controversy between the parties. The UDJA was thus properly invoked to determine the parties' status and responsibilities under the UM/UIM policy prior to its breach.

2021 WL 2021446, at *4. The court further concluded that attorney's fees were authorized for such a claim because the request for declaratory relief "is not a disguised breach-of-contract claim or some preliminary phase of such a claim. Rather it is a remedy unto itself, preventative in nature, that the Legislature has provided for the determination of rights when a controversy has arisen but before a wrong has been committed." *Id*. at *6 (internal quotations omitted). We previously reached the same conclusions in *Inclan*, which was

6

decided before *Irwin II*. *See* 2020 WL 373061, at *2–3.

Here, the operative facts are the same as in *Irwin II*. Allstate acknowledges that *Irwin II* forecloses some of its initial arguments, but it contends that this case is different because appellees improperly tacked their UDJA claim onto a breach-of-contract action "simply to pave the way to recover attorney's fees." We disagree.

*Brainard* and *Irwin II* provide that an insured seeking to establish their entitlement to UM/UIM benefits does not have a mature breach-of-contract claim. "[T]he litigation between the insured and his carrier is on the UIM contract but not for its breach, which cannot occur until the underlying conditions precedent of liability and damages are established." *Irwin II*, 2021 WL 2021446, at *2; *see Brainard*, 216 S.W.3d at 818. *Irwin II* makes clear that issues regarding impermissibly tacking on a UDJA claim arise only in the context of a matured breach-of-contract claim—i.e. where the insurer refuses to pay after an insured has established its right to benefits under a policy. *See Irwin II*, 2021 WL 2021446, at *3 ("[A] party could not simply tack a declaratory judgment action onto a matured breach-of-contract claim[.]"). Accordingly, we reject Allstate's contention that declaratory relief was unavailable to appellees because they alleged an unmatured breach-of-contract claim.

Allstate further argues that *Irwin II* does not address the issue of whether an award of attorney's fees under the UDJA is equitable and just. Again, we disagree. *Irwin II* expressly approved of the award of attorney's fees in declaratory suits seeking to establish UM/UIM coverage. *Id*. In so doing, the court rejected a lower court's conclusion that awarding attorney's fees for such claims would be inequitable and unjust. *Id*. As the

court explained: "Because Chapter 37 provides for the award of attorney's fees, and the UDJA has not been invoked simply to replicate issues already before the court that might implicate Chapter 38, the award here is not erroneous." *Id*. at *6. Allstate raises no challenges to the attorney's fee award that were not expressly rejected in *Irwin II*.[4]

In light of *Irwin II*, we conclude that the trial court did not err in granting declaratory relief and awarding attorney's fees. We overrule Allstate's issues.

### III.   CONCLUSION

We affirm the trial court's judgment. We dismiss all pending motions as moot.

LETICIA HINOJOSA
Justice

Delivered and filed on the
26th day of August, 2021.

---

[4] Allstate did not challenge in the trial court and does not argue on appeal that the fee award was not reasonable or necessary. Allstate argues for the first time in its supplemental brief that the fee award was not equitable and just because of the amount of damages awarded to appellees and it complains that appellees failed to segregate their attorney's fees. Because Allstate did not raise these issues in its initial brief, they are waived. *See Los Compadres Pescadores, L.L.C. v. Valdez*, 608 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2019), *aff'd*, 622 S.W.3d 771 (Tex. 2021) ("We need not address a new issue not raised by the appellant in the original brief."); *see also Champion v. State*, 126 S.W.3d 686, 691–92 (Tex. App.—Amarillo 2004, no pet.) (declining to consider new issues raised in supplemental brief). Further, Allstate has not preserved its segregation argument because it did not object to the award in the trial court on this basis. *See* TEX. R. APP. P. 33.1(a); *Green Int'l v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997).