**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Joe Edd SWEATT, Appellee.**

No. 2–97–334–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 27, 1998.

Bishop & Hummert, Alexander N. Beard, Erik E. Ekvall, Dallas, for Appellant.

Joe Edd Sweatt, Olney, for Appellee.

Before DAY, DAUPHINOT, and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant Trinity Universal Insurance Company appeals the trial court's dismissal of its action for declaratory judgment and attorneys' fees. We hold the trial court erred by dismissing the claims. We reverse and render in part and reverse and remand in part.

### BACKGROUND

Appellee filed a claim for proceeds after a fire destroyed his insured property. When Appellee applied for the insurance policy, he represented that within the previous three years he had made no claims, he had not been declined for insurance, and he had not had a policy non-renewed or cancelled. He also maintained that he would be occupying the property as his principal residence. Appellant conducted an investigation following the fire and made conclusions indicating the loss was not covered under the policy. Specifically, Appellant's investigation uncovered that each of the representations above were false, and that Appellee intentionally set the fire. The investigation also revealed that Appellee had filed four fire claims within a six-and-one-half year period, each of which occurred shortly after he obtained the respective properties.

Appellant sued Appellee seeking a declaratory judgment that Appellee's claimed loss was not a covered loss under the policy and that the policy was void because Appellee made material misrepresentations in procuring it. Appellee answered and filed a counter-claim for breach of contract. Appellee later filed a motion for partial summary judgment, seeking a dismissal of Appellant's claims for declaratory relief and attorneys' fees. The trial court granted the motion and dismissed Appellant's claims, stating that Appellee's claim for breach of contract would proceed to trial.

After a trial on the merits, a unanimous jury found that Appellee intentionally set the fire, that he made material misrepresentations to Appellant when applying for the policy, that he violated the "concealment or fraud" provision of the policy, and that the property was not being used as a primary residence at the time of the fire. The trial court rendered judgment on the verdict that Appellee take nothing. Appellee does not challenge the verdict or the judgment.

### DISMISSAL OF THE DECLARATORY JUDGMENT ACTION

Appellant asserts in two points that the trial court erred by dismissing its claims for declaratory relief and its dependent claim for attorneys' fees. Appellant contends that although Appellee's motion was titled "motion for partial summary judgment," the motion was actually a motion to dismiss the declaratory action and stated no valid basis for such a dismissal. We agree.

The trial court's order recites that it is granting Appellee's motion for partial summary judgment, but proceeds to dismiss Appellant's claim for declaratory relief and attorneys' fees. The order does not recite on what basis it dismisses the action, but Appellee's motion seems primarily directed at challenging the court's subject matter jurisdiction under the Declaratory Judgments Act. Appellee's motion informs the court in two places that the relief he seeks is the complete dismissal of Appellant's cause of action for declaratory relief. The motion asserts that "[n]either the claim of [Appellant] nor the claim of Albany seeks any affirmative relief or damages under the insurance contracts

the subject of this suit." Appellee's motion further asserts:

> Neither [Appellant] nor Albany[1] have by their declaratory judgment actions requested that the Court determine any question of construction or validity arising under the insurance contracts the subject of this suit and have not requested the Court to declare the rights, status, or other legal relations under the insurance contracts. [Appellant] and Albany have merely asked the Court to find defensive issues under the insurance contracts sued upon that never arise until recovery under those insurance contracts and damages are proved by [Appellee].
>
> The controversy the subject of this suit and the claims of [Appellee] under the insurance contracts are mature causes of action enforceable in this pending suit and such claims involve the same parties and same issues as alleged in the declaratory judgment actions. The claims of [Appellee] are set forth in Defendant's Counter-Claim, a true and correct copy of which is attached hereto and incorporated herein by reference as summary judgment evidence. [Appellant] and Albany both filed suits for declaratory judgment as a sham device merely to accomplish the following:
>
> 1. To determine venue.
> 2. To be allowed to open and close argument and adduction of evidence.
> 3. To attempt to recover attorney's fees where such is recovery is [sic] not allowed by law.
>
> The declaratory judgment actions filed by [Appellant] and Albany are not proper requests for declaratory relief because neither involves the construction or validity of an instrument, statute, ordinance, contract or franchise. The suits for declaratory judgment ... are not proper declaratory judgment actions since each attempt to obtain a declaratory judgment on a cause of action for which a present remedy at law has fully matured. Neither [Appellant] nor Albany have sought or are seeking any affirmative relief and neither has the burden of proving damages in this

case. The cause of action before the Court involves claims by an insured for recovery under policies of insurance and damages.

Although Appellee did not cite any authority in the motion, its challenges vaguely track the section of the Declaratory Judgments Act that confers power on the courts to "declare rights, status, and other legal relations." TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a) (Vernon 1997). Appellee's motion therefore apparently asserts that Appellant did not properly invoke the jurisdiction of the trial court by requesting an appropriate declaratory judgment.

Subject matter jurisdiction is absolutely essential to confer authority on a court to determine a case. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). Whether the trial court has subject matter jurisdiction is a question of law. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). The trial court is to determine whether it has subject matter jurisdiction solely by the allegations in the plaintiff's petition, and all of those allegations must be taken as true. *See Texas Ass'n of Bus.*, 852 S.W.2d at 440; *Caspary v. Corpus Christi Downtown Management Dist.*, 942 S.W.2d 223, 225 (Tex.App.—Corpus Christi 1997, writ denied). Unless the face of the petition affirmatively demonstrates a lack of jurisdiction, the trial court must liberally construe the allegations in favor of jurisdiction. *See Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989).

Because the determination of subject matter jurisdiction is a question of law, we review that determination de novo. *See Mayhew*, 964 S.W.2d at 928. When reviewing the trial court's dismissal, we construe the pleadings in favor of the pleader and look to the pleader's intent. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446. We may only consider the matters raised in the motion before the trial court in reviewing its decision to dismiss the case. *See Huston v. FDIC*, 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

---

1. Albany is another insurance company that intervened and asserted similar claims for declaratory judgment, which were also dismissed, but they have not appealed.

The Declaratory Judgments Act provides litigants with a procedural vehicle for having rights, status, or legal relations determined, even before a breach has occurred. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.004, 37.005. In order for the trial court to obtain jurisdiction, however, there must first be a justiciable controversy. *See Texas Ass'n of Bus.*, 852 S.W.2d at 444. A justiciable controversy is a real controversy between the parties that will be actually determined by the judicial declaration sought. *See Board of Water Eng'rs v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (1955).

Appellant asserts that it presented a justiciable controversy and requested relief specifically authorized in the act. We agree. Appellant's petition states that it seeks a "declaration of the right and liabilities of the parties under the Policy." It requests a declaratory judgment that:

    a. the loss is not a covered loss under the Policy because the fire was intentionally set by [Appellee] or at his direction;

    b. the loss is not a covered loss because [Appellee] was not occupying the premises as a dwelling as required under the terms of the Policy;

    c. the Policy is void and the loss is not covered under the terms of the Policy because [Appellee] made material misrepresentations in the procurement of the Policy or made false statements regarding the insurance; and

    d. in the alternative, that the Policy be rescinded since it was entered into as a result of a mutual mistake between the parties at the time that they entered into the agreement regarding the insurance coverage at issue.

Appellant's petition further demonstrates that Appellee had filed a claim for loss by fire, thereby exposing Appellant to present liability. However, Appellant opposed that liability as a result of its investigation and sought a judicial declaration that the policy was void from its inception, or alternatively, that the loss was not covered under the policy. Such a declaration would have been a determination of rights and status under the contract. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.004. A declaration that the policy was void or that the loss was not covered would have ended the controversy by establishing that Appellant had no obligation to Appellee under the contract. Further, although resolution of the case involved fact issues because Appellee disputed the conclusions of Appellant's investigation, determination of those fact issues "in the same manner . . . as in other civil actions" is specifically provided for in the Declaratory Judgments Act. *Id.* § 37.007. Thus, the trial court acquired subject matter jurisdiction over the case pursuant to Appellant's pleadings.

Appellee asserted in his motion that the cause was improper because Appellant was not "seeking any affirmative relief" and did not have "the burden of proving damages." Appellee fails to recognize the remainder of section of 37.003, which provides that a declaratory action may be maintained whether or not any further relief is or could be claimed, and that the declaration sought may be either "affirmative or negative in form and effect." TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a), (b). Further, Appellant sought an affirmative declaration that the policy was void or that the loss was not covered, and additionally sought attorneys' fees under the act. To the extent Appellee's motion implied that Appellant sought attorneys' fees that were not authorized under the law, the statute clearly controverts that, too. Section 37.009 states that the court may award costs and reasonable and necessary attorneys' fees as are equitable and just. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009.

Appellee makes two other arguments in his brief on appeal in defense of the dismissal. First, he cites to caselaw stating that a declaratory judgment action is not appropriate where a plaintiff has a mature and enforceable right that results in a judgment or decree, such that the declaration sought would add nothing to the judgment. *See Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex.App.—Eastland 1994, no writ); *Barnett v. City of Colleyville*, 737 S.W.2d 603, 607 (Tex.App.—Fort Worth 1987, writ denied). This rule is inapplicable. In the cited cases, the courts were considering claims for de-

claratory relief by plaintiffs who also had claims for remedies at law or in equity, which were on file at the time they filed their declaratory claims. *See Tucker,* 878 S.W.2d at 683; *Barnett,* 737 S.W.2d at 607. Furthermore, Appellant sought and still seeks a judicial declaration that the policy is void ab initio, which would shield it from further claims on the policy. Thus, the declaratory judgment was not somehow rendered moot by Appellee's counter-claim, as he asserts in his brief. Filing a counter-claim does not deprive the plaintiff of its right to pursue the relief already requested in a declaratory judgment action. *See Ghidoni v. Stone Oak, Inc.,* 966 S.W.2d 573, 583 (Tex.App.—San Antonio 1998, no pet. h.).

■■■ Appellee also contends that the suit was improper because "[i]t is improper for a potential defendant to seek a declaratory judgment of non-liability, because it deprives the plaintiff of the right to choose the time and place of a tort action." Appellee cites *Abor v. Black,* 695 S.W.2d 564, 566–67 (Tex. 1985) and several lower court cases for this proposition. While this is correct, it is not relevant here because this is a contract action. Appellee contends that we should extend this principle to contract actions and deprive parties positioned as Appellant was in this case of the right to initiate litigation to terminate their uncertainty and finally declare the rights of the respective parties. We decline to do so. Construction and validity of contracts are the most obvious and common uses of the declaratory judgment action. That is what Appellant sought in this action.

We hold that the trial court acquired subject matter jurisdiction over the controversy at hand under the terms of Appellant's petition. Consequently, the court erred by dismissing the action once it acquired jurisdiction without being presented a valid reason for doing so. We sustain point one.

■■■ Having done so, we now have a duty to render the declaratory judgment that the trial court should have rendered. *See Scurlock Permian Corp. v. Brazos County,* 869 S.W.2d 478, 488–89 (Tex.App.—Houston [1 st Dist.] 1993, writ denied) (citing *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 715 (1945)). The trial court entered judgment on the verdict, in effect finding that the loss was not covered because he set the fire and made material misrepresentations, that Appellee take nothing, and taxed the costs of court against him. However, the jury also found that Appellee violated the "concealment or fraud" provision of the policy. That provision reads:

> This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss.

Because the jury found that Appellee violated this provision and Appellee does not challenge the finding, we now render judgment declaring the policy void.

## ATTORNEYS' FEES

■■■ Appellant's second point contends that the trial court also erred by dismissing its claim for attorneys' fees. Because attorneys' fees are properly recoverable under the Declaratory Judgments Act, we sustain point two as well. The decision to grant or deny attorneys' fees rests within the sound discretion of the trial court. *See Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). However, the trial court dismissed Appellant's claim for attorneys' fees at the same time as the declaratory action and, therefore, never considered it, or decided anything. We hold the trial court also erred by dismissing Appellant's claim for attorneys' fees. Because an award of attorneys' fees is discretionary, we must remand this cause to the trial court for a determination of whether to award them and, if so, the appropriate amount.

## CONCLUSION

We hold the trial court erred by dismissing Appellant's declaratory judgment action and claim for attorneys' fees and therefore reverse the dismissal of those claims. We render judgment declaring the insurance policy at issue void ab initio. We remand Appel-

lant's claim for attorneys' fees to the trial court for further proceedings.