NUMBER 13-99-719-CV 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

____________________________________________________________________ 



CITY OF PALMVIEW, Appellant, 



v. 



WENDY VASQUEZ, Appellee. 

____________________________________________________________________ 



On appeal from the 93rd District Court of Hidalgo County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Hinojosa and Yañez 

Opinion by Justice Hinojosa 



This is an interlocutory appeal from the trial court's order denying a plea to the
jurisdiction filed by appellant, City of Palmview. In a single issue, the City contends
the trial court erred in denying the plea. We reverse the trial court's order and remand
this case to the trial court for proceedings consistent with this opinion. 

On February 1, 1999, appellee, Wendy Vasquez, filed a negligence suit against the City,
Steve Arellano, South-Tex Concrete Company, and Southwestern Bell Telephone Company.
Vasquez sought to recover for personal injuries and damages sustained while a passenger in
a vehicle operated by Arellano. When the vehicle approached the intersection of Goodwin
and U.S. Highway 83 and failed to stop at a stop sign, it collided with a vehicle owned by
South-Tex Concrete. Vasquez alleged the collision occurred because a stop sign was
obstructed by a tree and a telephone pole. 

On March 8, 1999, the City generally denied Vasquez's allegations and asserted
sovereign and governmental immunity as an affirmative defense. On April 1, 1999, the City
filed special exceptions to Vasquez's original petition: 

because the allegations of negligence against the CITY OF PALMVIEW are vague, global
and overly broad. Consequently, they and [sic] do not fully and fairly apprise the CITY of
the nature of the acts or omissions that Plaintiff contends gives rise to liability of the
CITY. 



On April 27, 1999, Vasquez amended her petition and alleged that the City was negligent
in one or more of the following ways: 

In allowing the sign to remain obstructed; 

2. In placing the sign in a manner that it was obstructed; 

3. In allowing the tree and pole to obstruct the sign; 

4. In failing to inspect the premises; 

5. In failing to warn; 

6. In failing to trim the tree and remove the pole from obstructing the stop sign. 



On October 1, 1999, the City filed a plea to the jurisdiction contending the court
lacked jurisdiction to hear the case because the pleadings did not assert claims within
any waiver of sovereign immunity under the Texas Tort Claims Act. The trial court denied
the City's plea, and this interlocutory appeal ensued. 

Under Texas procedure, appeals are allowed only from final orders or judgments. Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); North East Indep. Sch.
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Unless a statute specifically
authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over
final judgments. Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985)
(orig. proceeding); Aldridge, 400 S.W.2d at 895; City of Mission v. Ramirez,
865 S.W.2d 579, 581 (Tex. App.--Corpus Christi 1993, no writ). Section 51.014 of the civil
practice and remedies code specifically allows the appeal of various interlocutory orders,
including an order that "grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. &
Rem. Code Ann. 51.014(a)(8) (Vernon Supp. 2000). 

Subject matter jurisdiction is the authority of a court to decide a case. Texas
Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). A plea to
the jurisdiction contests the trial court's authority to determine the subject matter of
the cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.--Corpus
Christi 1989, writ denied). 

When considering a plea to the jurisdiction, the trial court must determine the issue
of subject matter jurisdiction solely by the allegations in the plaintiff's pleading. Texas
Ass'n of Bus., 852 S.W.2d at 446; Caspary v. Corpus Christi Downtown Management
Dist., 942 S.W.2d 223, 225 (Tex. App.--Corpus Christi 1997, writ denied); Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied).
The plaintiff bears the burden of alleging facts affirmatively showing that the trial
court has subject matter jurisdiction to hear the case. Texas Ass'n of Bus., 852
S.W.2d at 446. We take allegations in the pleadings as true and construe them in favor of
the pleader. Id. The trial court does not look at the merits of the case. See
Huston v. Federal Deposit Ins. Corp., 663 S.W.2d 126, 129 (Tex. App.--Eastland 1983,
writ ref'd n.r.e.). Unless the face of the petition affirmatively demonstrates a lack of
jurisdiction, the trial court must liberally construe the allegations in favor of
jurisdiction. Trinity Universal Ins. Co. v. Sweatt, 978 S.W.2d 267, 269 (Tex.
App.--Fort Worth 1998, no writ). If, however, the petition clearly shows that the trial
court lacks subject matter jurisdiction, the court must dismiss the case. Texas Ass'n
of Bus., 852 S.W.2d at 443. Because the question of subject matter jurisdiction is a
legal question, we review the trial court's ruling on a plea to the jurisdiction under a de
novo standard of review. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998). 

Sovereign immunity has two component parts -- immunity from suit and immunity from
liability. Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812,
813 (Tex. 1970); Ntreh v. University of Tex. at Dallas, 936 S.W.2d 649, 651 (Tex.
App.--Dallas 1996), rev'd in part on other grounds, 947 S.W.2d 202 (Tex. 1997).
Immunity from suit bars an action against the state unless the state expressly consents to
the suit. Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). The
party suing the governmental entity must establish the state's consent, which may be
alleged either by reference to a statute or to express legislative permission. See
Missouri Pac. R.R. Co., 453 S.W.2d at 813. Absent the state's consent to suit, a
trial court lacks subject matter jurisdiction. See Federal Sign, 951 S.W.2d at
403; Duhart v. State, 601 S.W.2d 740, 741 (Tex. 1980). If a governmental entity
is sued without legislative consent, the trial court should grant the governmental
entity's plea to the jurisdiction. See State v. Lain, 349 S.W.2d 579, 582 (Tex.
1961). 

By enacting the Texas Tort Claims Act, the legislature expressly waived the state's
immunity to suits by injured claimants and consented to liability under specified
circumstances. See Tex. Civ. Prac. & Rem. Code Ann. 101.021, 101.025 (Vernon
1997). The Tort Claims Act constitutes a limited waiver of sovereign immunity. To invoke
the trial court's jurisdiction, it is necessary to show the Act waives the State's
immunity from suit. 

In its sole issue on appeal, the City contends the trial court erred in denying its
plea to the jurisdiction based on sovereign immunity because Vasquez's petition does not
state a viable claim for relief within a waiver of immunity afforded by the Texas Tort
Claims Act. 

To determine the trial court's subject matter jurisdiction, we must decide whether
Vasquez alleged a cause of action within the limited waiver provisions of the Tort Claims
Act. While Vasquez has not alleged a specific waiver provision of the Act, she appears to
be asserting that the condition of the stop sign (obstructed by a tree and a telephone
sign) caused her injuries. 

At issue here is section 101.021(2) of the Tort Claims Act which provides that a
governmental unit in the State is liable for personal injury and death "caused by a
condition or use of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas law." Tex.
Civ. Prac. & Rem. Code Ann. 101.021(2) (Vernon 1997).(1)
Section 101.025 waives governmental immunity "to the extent of liability created by
this chapter." See Tex. Civ. Prac. & Rem. Code Ann. 101.025(a) (Vernon
1997). Unless the State has accepted the potential liability under a provision of section
101.021, it is immune from suit. 

Vasquez did not plead which exception her claims fall under. The record reflects that
no city-owned motor-driven vehicle or motor-driven equipment was involved in the accident.
In order to invoke the jurisdiction of the trial court, Vasquez's claims must, therefore,
fall under the second exception, those caused by a condition or use of tangible personal
or real property. 

To state a claim involving the "condition" of property, the plaintiff must
allege that defective or inadequate property caused the injury. See Salcedo v. El Paso
Hosp. Dist., 659 S.W.2d 30, 31-31 (Tex. 1983). A stop sign stating the speed limit is
tangible personal property. However, under section 101.060(a)(2), immunity is not waived
for a claim arising from the "absence, condition or malfunction of a traffic or road
sign, signal, or warning device unless the absence, condition or malfunction is not
corrected by the responsible governmental unit within a reasonable time after
notice." See Tex. Civ. Prac. & Rem. Code Ann. 101.060 (a)(2) (Vernon
1997). A stop sign's obstruction from view by trees or branches is a "condition"
of that sign within the meaning of section 101.060. Lorig v. City of Mission, 629
S.W.2d 699, 701 (Tex. 1982). Accordingly, if a city has notice of such a condition and
fails to remedy such condition within a reasonable time, it may be liable under the Texas
Tort Claims Act, provided the city was given proper notice of the claimant's injury. Tex.
Civ. Prac. & Rem. Code Ann. 101.101 (Vernon 1997). 

After reviewing the record and construing the pleadings in favor of Vasquez, we find
Vasquez's petition affirmatively shows this case does not fall within the Texas Tort
Claims Act. Vasquez did not plead facts or describe any prior accident or situation at
this intersection showing that the City had notice of the condition of the stop sign.
Also, Vasquez did not plead facts showing that the City failed to correct the stop sign's
condition within a reasonable time after notice. 

Because governmental immunity from suit defeats a trial court's subject matter
jurisdiction, we hold the trial court erred in denying the City's plea to the
jurisdiction. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636 (Tex. 1999)
(immunity from suit defeats trial court's subject matter jurisdiction and is properly
asserted in plea to the jurisdiction). 

We reverse the trial court's order and remand this case to the trial court for
proceedings consistent with this opinion. 





FEDERICO G. HINOJOSA 

Justice 





Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this 



the 28th day of April, 2000. 

1. Section 101.021 provides as follows: 



101.021. Governmental Liability 

A governmental unit in the state is liable for: 

(1) property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment if: 

(A) the property damage, personal injury, or death arises from the operation or use of
a motor-driven vehicle or motor-driven equipment; and 

(B) the employee would be personally liable to the claimant according to Texas law; and


(2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. 101.021 (Vernon 1997).