REYNOLDS v. SOUTHWESTERN BELL TELEPHONE

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-356-CV

LARRY REYNOLDS APPELLANT

V.

SOUTHWESTERN BELL TELEPHONE, APPELLEES

L.P. AND PORTFOLIO RECOVERY

ASSOCIATES, L.L.C.

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry Reynolds appeals the trial court’s granting of summary judgment in favor of Appellees Southwestern Bell Telephone (SWB) and Portfolio Recovery Associates, L.L.C. (PRA).  Reynolds asserts that the trial court erred by granting summary judgment in favor of SWB and PRA on his claim for fraud, by granting summary judgment in favor of SWB and PRA on his claim for declaratory judgment, by granting summary judgment in favor of PRA on his claim for a violation of the Texas Finance Code, and by denying his motion for new trial.  We affirm. 

FACTUAL BACKGROUND

Reynolds filed an original petition alleging that he received demand letters from PRA asserting that he owed sums of $273.05 and $98.77 on two accounts.  The record reflects that the accounts were opened by a person claiming to be Reynolds’ wife during March 2001, and they were terminated due to non-payment in May 2001.

SWB attempted to collect on the accounts by sending letters to “Larry Reynolds” at the billing address supplied when the accounts were opened.  After SWB’s attempts to collect the delinquent amounts were unsuccessful, PRA purchased the two accounts from SWB on March 13, 2003.  Following the sale, SWB no longer held any ownership interest in the accounts.  Reynolds alleged that he first learned of the accounts in mid-April 2003.  On July 15, 2003, SWB’s senior counsel, Mark Ferrell, sent a letter to Reynolds’ attorney, Bryan Cannon, in response to a letter Cannon wrote to PRA on Reynolds’ behalf.  In the letter, Ferrell explained that Reynolds “owes the amount on these accounts and needs to pay [PRA], which purchased the accounts from SWB.” 

PRA sent Reynolds letters concerning the accounts, and Reynolds called PRA to dispute the accounts.  A PRA employee informed Reynolds that she would fax him affidavits of fraud in order to contest the accounts, and she told Reynolds that PRA would then investigate the accounts.

Reynolds completed the affidavit of fraud or forgery and returned it to PRA.  PRA investigated the accounts and determined that the accounts were “fraudulent or bogus,” and PRA informed Reynolds that it was going to purge  them. Then, PRA sent a letter stating that it had purged one of the accounts, but later, two PRA employees assured Reynolds PRA had purged both accounts.  In his deposition, Appellant stated that PRA made no further collection attempts and that PRA did remove the mark it had placed on his credit report.  According to SWB, PRA never notified it that Reynolds had contested the validity of the accounts.

On August 4, 2003, Reynolds filed suit against PRA and SWB.  He sought a declaration from the court that he was not liable for payment on these accounts.  He further alleged claims for fraud and violations of chapter 392 of the Texas Finance Code.

On September 24, 2003, SWB repurchased the accounts, which had a zero balance, from PRA.  SWB filed a motion for summary judgment on Reynolds’ claims for declaratory judgment and fraud.  PRA also filed a motion for summary judgment, incorporating by reference SWB’s motion for summary judgment.  The trial court entered a partial summary judgment on Reynolds’ fraud claims against PRA and SWB, but denied summary judgment on his declaratory judgment action.

SWB then filed a second motion for summary judgment, attaching an affidavit stating that since the repurchase, SWB has not engaged in any collection activities related to the account.  SWB also attached Reynolds’ affidavit, wherein he acknowledged that he was not aware of any further collection efforts made by SWB on these accounts.  PRA also filed a supplemental motion for no-evidence and traditional summary judgment and request for attorney’s fees on Reynolds’ declaratory judgment action and his claims for fraud and violations of the Texas Finance Code.  The trial court granted the summary judgment and entered a final judgment with respect to all of Reynolds’ causes of action.

STANDARD OF REVIEW

1. No-evidence Motion for Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004).  If the appellants failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee’s summary judgment proof satisfied the less stringent rule 166a(c) burden.  
Id.

2.  Traditional Motion for Summary Judgment

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

FRAUD CLAIM

In his first issue, Appellant contends that the trial court erred by granting SWB’s motion for summary judgment on his fraud claim.  In his second issue, he asserts that the trial court erred by granting summary judgment in favor of PRA on his fraud claim because the trial court granted summary judgment on grounds not set forth in the motion for summary judgment.  

To recover for fraud, Reynolds bears the burden to prove the existence of “a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury.” 
DeSantis v. Wackenhut Corp.
, 793 S.W.2d 670, 688 (Tex. 1990), 
cert. denied
, 498 U.S. 1048 (1991).

1. SWB

SWB challenged Reynolds’ fraud claim with both a traditional motion for summary judgment and a no-evidence motion for summary judgment.  In its no-evidence motion for summary judgment, SWB asserted that there was no evidence that SWB knowingly or intentionally made a false representation, there was no evidence that Reynolds relied upon any representation of SWB, and there was no evidence that Reynolds suffered damages as a result of any such reliance.

Reynolds responded to the motion for summary judgment and attached a photocopy of the letter to Bryan Cannon, Reynolds’ attorney from SWB senior counsel Mark Farrell, which related to the accounts that formed the basis of the lawsuit.  Ferrell wrote the letter in response to a letter written by Cannon on behalf of Reynolds regarding the accounts.  In the letter, Ferrell explains that SWB’s records show that Reynolds or his wife established service for both accounts, each account had an outstanding balance and was disconnected, and that Reynolds owes the amount on these accounts to PRA, which had purchased the accounts.

SWB contends that Reynolds has not presented evidence that he was induced by the falsehood to take a particular course of action, nor has he presented evidence in support of his contention that he was induced by any representation made by SWB.  The letter that Reynolds attached to his summary judgment response does not include evidence raising a fact issue as to whether Reynolds was induced into taking any particular action in reliance on the allegedly false representations or raising a fact issue as to whether he suffered damages as a result of the allegedly false representations. 

Reynolds stated in his response to the motion for summary judgment that he “was forced to file a lawsuit as a result of SWB’s fraudulent activity, and as a result, [he] has suffered damages.”  Clearly, Appellant’s petition was on file with the trial court.  However, pleadings, even if sworn to, do not constitute summary judgment proof.  
Laidlaw Waste Sys., Inc. v. City of Wilmer
, 904 S.W.2d 656, 660 (Tex. 1995).  Appellant never filed an affidavit stating that he was induced into filing the lawsuit because of the alleged fraudulent representations of SWB, nor did he present any other competent summary judgment evidence to that effect.  Accordingly, 
Reynolds has failed to produce more than a scintilla of evidence under the no-evidence standard, and there is no need to analyze whether SWB’s summary judgment proof satisfied the less stringent rule 166a(c) burden. 
 
See 
Ford Motor Co., 
135 S.W.3d at 600.  We overrule Reynolds’ first issue.  

2. PRA

On February 8, 2005, SWB moved for summary judgment on Reynolds’ claims for declaratory judgment and fraud.  On February 15, 2005, PRA filed a motion for summary judgment incorporating by reference SWB’s motion for summary judgment on Reynolds’ clams for declaratory judgment and fraud.  The substance of PRA’s motion states as follows:

Portfolio Recovery Associates, L.L.C., Defendant (“PRA”), moves for summary judgment on all claims asserted by Larry Reynolds, Plaintiff, against PRA on the same grounds urged by Southwestern Bell Telephone, L.P. (“SBT”), in Defendant Southwestern Bell Telephone, L.P.’s Motion for Summary Judgment (the “Motion”), which Motion PRA, as authorized by Tex. R. Civ. P. 58, hereby adopts by reference. 

PRA requests that the Court, after hearing, grant the Motion and enter judgment the Plaintiff take nothing by his claims against PRA. 

The trial court held a hearing and granted PRA and SWB summary judgment on Reynolds’ fraud claim, but denied summary judgment on his declaratory judgment action.  Appellant asserts that the trial court improperly granted summary judgment in favor of PRA on his cause of action for fraud because the grounds for summary judgment were not expressly presented in the summary judgment motion itself.  
See McConnell v. Southside I.S.D.
, 858 S.W.2d 337, 340-41 (Tex. 1993) (holding that if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law).  Appellant does not assert that the summary judgment evidence does not support the trial court’s granting of summary judgment.

Although PRA’s first motion for summary judgment was deficient because PRA did not expressly set forth the grounds for summary judgment in the motion itself, PRA subsequently filed a supplemental motion for summary judgment, reurging the grounds for summary judgment on Reynolds’ declaratory judgment action, fraud claim, and finance code claim.  The trial court then issued a final order granting PRA and SWB summary judgment as to all of Reynolds’ claims.  Reynolds asserts that the second motion for summary judgment was superfluous because at the time that PRA moved for summary judgment on his fraud claim, the trial court had already dismissed the fraud claim. 

A trial court may properly grant summary judgment after having previously denied summary judgment, as long as the court retains jurisdiction over the case.  
Hunte v. Hinkley
, 731 S.W.2d 570, 571 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.). A partial summary judgment is an interlocutory order and does not become final until after the disposition of the other issues in the case.  
Newco Drilling Co. v. Weyand
, 960 S.W.2d 654, 656 (Tex. 1998).  Accordingly, because the initial order granting summary judgment in favor of PRA on Reynolds’ claim for fraud was interlocutory, the trial court retained jurisdiction over the case and had authority to reconsider the granting of summary judgment.  Thus, the trial court acted within its authority in reconsidering its prior summary judgment ruling, including its ruling on Reynolds’ fraud claim.  Therefore, we hold that the trial court did not err in granting PRA’s supplemental motion for summary judgment.
(footnote: 2)  We overrule Reynolds’ second issue. 

DECLARATORY JUDGMENT CLAIM

In his third issue, Reynolds argues that the trial court erred in granting SWB’s and PRA’s motions for summary judgment on his declaratory judgment claim.  SWB and PRA both moved for summary judgment on this claim during February 2005, and the trial court denied the motion on March 24, 2005.  SWB and PRA each filed a second motion for summary judgment.  The trial court granted final summary judgment on Reynolds’ declaratory judgment action against both SWB and PRA.  SWB and PRA contend that summary judgment was proper because no justiciable controversy exists between the parties. 

Civil practices and remedies code section 37.004 authorizes declarations on the construction or validity of written contracts before or after a breach.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.004 (Vernon 1997).  A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.  
Bonham State Bank v. Beadle
, 907 S.W.2d 465, 467 (Tex. 1995).  To constitute a justiciable controversy, a real and substantial controversy must exist involving a genuine conflict of tangible interests and not merely a theoretical dispute.  
Id.
  Texas courts do not have the authority to render judgments that merely constitute advisory opinions.
  Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.
, 971 S.W.2d 439, 443 (Tex. 1998).  The courts may not review hypothetical or contingent situations, or determine questions not currently essential to the decision of an actual controversy.
  Firemen’s Ins. Co. of Newark v. Burch
, 442 S.W.2d 331, 333 (Tex. 1968). 

1. SWB

Reynolds argues that a justiciable controversy exists because SWB’s summary judgment proof demonstrated that it had the ability to adjust what it claimed to be owed and, just as a keystroke reduced the account to zero, another keystroke could reinstate the balance to pre-suit levels or higher.  He asserts that there is a difference between not being liable on the accounts and being liable for an account with a zero balance.

The record indicates that PRA reduced the accounts to zero and resold the accounts to SWB with a zero balance.  SWB has made no collection efforts on these accounts since the time SWB repurchased them, and SWB’s records have indicated that at all times since that date, the balance due on the accounts is zero.  According to the affidavit of Stephanie Viator, SWB does not intend to engage in collection activities related to the accounts, nor has it engaged in collection activities related to the accounts at any time since March 13, 2003.  Furthermore, she stated that  SWB has not, will not, and has never intended to report the accounts to any credit reporting entity as charged off, delinquent, or otherwise unpaid.  Reynolds testified that he was not aware of SWB taking any steps to collect on the accounts after he sent the affidavits of fraud or forgery to PRA and after he received the July 15, 2003 letter from Ferrell.

The summary judgment proof established that there was no debt, and therefore, there was no controversy for the court to decide.  There was and is no real or substantial controversy involving a genuine conflict of tangible interest between the parties; thus, a declaratory judgment would be improper. 
See Beadle
, 907 S.W.2d at 467. 
 Reynolds’ argument that “just as a keystroke ‘reduced’ the balance to zero another keystroke could reinstate the balance to pre-suit levels or higher” demonstrates that his claim was at best a hypothetical one.  His concern was not currently essential to the decision of an actual controversy; thus, the trial court had no authority to review his claim. 
 See Burch
, 442 S.W.2d at 333.  We hold that the trial court properly granted summary judgment in favor of SWB on Reynolds’ request for a declaratory judgment. 

2. PRA

Reynolds argues that a justiciable controversy exists because PRA refused to provide any written evidence or assurance that he was not liable on the accounts.  The record reflects that PRA did not own these accounts at the time the trial court granted PRA summary judgment on Reynolds’ declaratory judgment action.  Because PRA purged these accounts and no longer owned them, no controversy existed between Reynolds and PRA, and a declaratory judgment in favor of Reynolds would have been improper.  
See Beadle
, 907 S.W.2d at 467.  Thus, the trial court properly granted summary judgment in favor of PRA on Reynolds’ declaratory judgment action.  Because we determine that summary judgment in favor of both SWB and PRA was appropriate, we overrule Reynolds’ third issue. 

FINANCE CODE CLAIMS

In his fourth issue, Reynolds contends that the trial court erred in granting summary judgment in favor of PRA on his finance code claims.  Reynolds asserted that PRA violated chapter 392 of the finance code by “misrepresent[ing] the character, extent, or amount of consumer debt.”  
See 
Tex. Fin. Code Ann.
 § 392.304(a)(8) (Vernon 2005).  A person may sue for actual damages sustained as a result of a violation of chapter 392.  
Tex. Fin. Code Ann.
 § 392.403.   

PRA filed a combined motion for summary judgment asserting that summary judgment against Reynolds on his finance code claims would be proper under either the traditional standard or the no-evidence standard.  PRA also moved for summary judgment on the affirmative defense of bona fide error. 

Reynolds asserts that a May 8, 2003 letter written to him from PRA “alone created an issue of fact as to whether or not PRA engaged in any misrepresentation of the character, extent, or amount of consumer debt in violation of section 392.304 of the Texas Finance Code.”  According to Reynolds, his cause of action was established because the letter stated, “the balance above [$273.05] reflects the account balance as of the date of this letter.  You may contact us to obtain an exact payoff amount for a future date.”  Reynolds contends that by misrepresenting to him that he owed any money on this account, PRA violated section 392.304.  However, the body of the letter, in its entirety, reads as follows:

[PRA] is in receipt of a dispute concerning the above account. * As part of our investigation of this dispute, and to verify the accuracy of our information concerning this account, we have requested account validation documents be sent to us by the seller of the account.  We will forward these documents to you as soon as we receive them. 

Our records indicate that we or one of our wholly owned subsidiaries purchased this SOUTHWESTERN BELL TELEPHONE credit account 02/18/03 when the outstanding balance was $273.05.  Our records further show that the date the account was opened is 03/01/01 and the original creditor’s charge-off date is 08/01/01.  The balance above reflects the account balance as of the date of this letter.  You may contact us to obtain an exact payoff amount for a future date.  

If you have any documentation which could assist us in resolving this dispute, including, for example, copies of any communications you may have had with SOUTWESTERN BELL TELEPHONE with regard to this account, please send or fax them to me.

In order to constitute a misrepresentation, PRA must have made a false or misleading assertion.  
See
 
Black’s Law Dictionary
 1022 (8
th
 ed. 2004).  This letter does not amount to a misrepresentation to Reynolds regarding the character, extent, or amount of a consumer debt.  PRA had purchased the account from SWB, who indicated that Reynolds owed a balance of $273.05 on the account.  In the contract between SWB and PRA, SWB represented that “in the origination and servicing of the Charged-Off Accounts, [SWB] has complied in all material respects with federal and state laws.”  In the letter, PRA informs Reynolds that it purchased the account from SWB, it is aware that Reynolds disputed the account, and it is currently verifying the accuracy of the information regarding the account.  Accordingly, the letter does not establish that PRA misrepresented the character, extent, or amount of the consumer debt.

Reynolds further contends that PRA never provided him with any indication that it had purged the balance of the account from its files, contrary to PRA’s assertions to the trial court.  Despite his assertion, Reynolds’ own deposition testimony establishes that PRA informed him that it had purged both of the disputed accounts, and he also acknowledged that the disputed accounts had actually been removed from his credit report.  Additionally, SWB produced an affidavit establishing that when SWB repurchased the accounts from PRA, PRA had reduced the account balance to zero.  PRA has proven that Reynolds has no evidence to support his claim that PRA misrepresented the character, extent, or amount of the consumer debt; thus, we overrule Appellant’s fourth issue. 

MOTION FOR NEW TRIAL

In his fifth issue, Appellant asserts that the trial court abused its discretion in denying his motion for new trial.  A trial court is vested with broad discretion to grant or deny a motion for new trial.  
Cliff v. Huggins
, 724 S.W.2d 778, 778-79 (Tex. 1987).  When a trial court’s action is arbitrary, unreasonable, and without reference to any guiding rules or principles, it has abused its discretion.  
Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997). 

The sole basis for Reynolds’ complaint is that the trial court erred in denying his motion for new trial because “the court acted without regard to the guiding authority concerning summary judgment practice in granting the motions for summary judgment” in favor of SWB and PRA.  Reynolds relies solely on his summary judgment arguments, which had already been considered and properly ruled upon by the trial court.  Accordingly, we hold that the trial court did not abuse its discretion in denying Reynolds’ motion for new trial.  We overrule Reynolds’ fifth issue. 

CONCLUSION

Having overruled Reynolds’ five issues, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED:  June 29, 2006

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-356-CV

LARRY REYNOLDS APPELLANT

V.

SOUTHWESTERN BELL TELEPHONE, APPELLEES

L.P. AND PORTFOLIO RECOVERY

ASSOCIATES, L.L.C.

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent because I cannot agree that Appellees Southwestern Bell Telephone (SWB) and Portfolio Recovery Associates, L.L.C. (PRA) established their right to summary judgment on Appellant Larry Reynolds’s suit for a declaratory judgment.

The Declaratory Judgment Act provides, 

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann.
 § 37.004(a) (Vernon 1997).  The Act’s stated purpose is “to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.”  
Id.
 at § 37.002(b).  If a declaratory judgment will terminate the uncertainty or controversy giving rise to the lawsuit, the trial court is duty-bound to declare the rights of the parties as to those matters upon which the parties join issue.  
Univ. of Tex. v. Nat’l. Collegiate Athletic Ass’n
, 685 S.W.2d 409, 410 (Tex. App.—Austin 1985, writ ref’d n.r.e.);
 Calvert v. Employees Ret. Sys. of Tex.
, 648 S.W.2d 418, 419 (Tex. App.—Austin 1983, writ ref’d n.r.e.). 

Reynolds’s pleadings specifically sought a declaratory judgment: “Pursuant to chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff seeks a declaration of this court that he is not liable for payment of the Accounts.  Plaintiff has continuously denied that he authorized the opening of the Accounts.”  Thus, Reynolds sought a declaratory judgment from the trial court declaring that he was not liable to SWB or to PRA on the accounts numbered 8174770893595 and 4778170879597.

The majority concludes that because SWB repurchased these two accounts from PRA and reduced the account balances to zero, that “no debt” exists and, consequently, no justiciable controversy exists.  
See
 Maj. Op. at 12-13.  But a declaratory judgment action is statutorily authorized to obtain a “declaration of rights” under a contract.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.004(a).  No requirement exists that a debt be owed as a prerequisite to obtain a declaratory relief.  
See, e.g., Trinity Universal Ins. Co. v. Sweatt
, 978 S.W.2d 267, 269 (Tex. App.—Fort Worth 1998, no pet.) (reversing trial court’s dismissal of declaratory judgment action seeking to declare rights under insurance policy).  Nor does the summary judgment evidence that the balance of the two accounts had been reduced to zero and that SWB and PRA both promised not to further attempt to collect on the accounts entitle SWB and PRA to summary judgment on Reynolds’s declaratory judgment action.
(footnote: 1)  Because the summary judgment evidence does not conclusively establish SWB’s and PRA’s right to summary judgment on Reynolds’s declaratory judgment action seeking a declaration that he is not liable to SWB or to PRA on the accounts numbered 8174770893595 and 4778170879597, I would reverse the trial court’s summary judgment on that claim and remand Reynolds’s declaratory judgment action to the trial court.

SUE WALKER

JUSTICE

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2: We note that Reynolds does not argue that the trial court improperly granted summary judgment because a genuine issue of material fact exists.

1:
Indeed, if these representations by SWB and PRA are true, it is hard to see why SWB and PRA would oppose a declaratory judgment that Reynolds is not responsible for the accounts.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Holman; Dissent by Justice Walker